UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| COASTAL BANK OF THE CHUMASH NATION,<br><br>                              Plaintiff(s),<br><br>        v.<br><br>NATIVE ENERGY FARMS, LLC,<br><br>                              Defendant(s). | Case No. 2:16-CV-843 JCM (CWH)<br><br>BK-S-14-13482-ABL<br>Chapter 11<br><br>Bankruptcy Adversary No. 14-01131-ABL<br><br>ORDER |

Presently before the court is appellant/defendant Coastal Band of the Chumash Nation's ("CBCN") appeal from bankruptcy court regarding adversary no. 14-01131-abl. (ECF No. 1). This court has jurisdiction pursuant to 28 U.S.C. § 158, and the notice of appeal was timely, per Federal Rule of Bankruptcy Procedure 8002(a). Appellee/debtor Native Energy Farms, LLC ("NEF") filed an answering brief (ECF No. 12), and CBCN filed a reply brief. (ECF No. 14).

**I.     Introduction**

In the underlying adversary proceeding, the bankruptcy court quieted title to a 78-acre parcel of vacant land in Goleta, California. *See* (ECF No. 13-18).

NEF initiated that proceeding in bankruptcy court on August 26, 2014. (ECF No. 11-1). On August 27, 2014, that court issued a summons to CBCN with a September 26, 2014, deadline to file a motion or answer to the complaint. (*Id.*). That summons and other papers were sent to "the Coastal Band of Chumash Nation, Inc., attention an officer, manager, managing agent, or agent, 315 North Soledad Street, in Santa Barbara, California 93103." (*Id.* at 16). The summons was also mailed to "Toni Cordero, care of Coastal Band of the Chumash Nation, Inc., 4764 Ashdale Street, Santa Barbara, California 93110." (*Id.*).

**James C. Mahan**
**U.S. District Judge**

1  The clerk submitted an entry of default against appellant on September 30, 2014; an amended entry of default on October 1, 2014; and a second amended entry of default on November 24, 2014. (*Id.*). Although there was entry of default, there was no default judgment. (*Id.*).

Appellee submitted a motion for summary judgment to quiet title on December 2, 2014. (*Id.*). Appellee subsequently submitted a supplement to the motion on March 30, 2015. (*Id.*). The bankruptcy court approved that motion for summary judgment on May 1, 2015. (*Id.*).

CBCN first appeared in this case on August 28, 2015, when it submitted a motion to set aside the default and the order granting summary judgment. (*Id.*). CBCN submitted an amended motion for the same on September 1, 2015. (*Id.*).

On March 24, 2016, the bankruptcy court rendered an oral ruling that was accompanied by a written order on March 28, 2016, denying appellant's motion to set aside default judgment and order on motion for summary judgment. (*Id.*). Regarding service of process and notice of proceedings, the bankruptcy court found as follows:

> CBCN was actually aware of this adversary proceeding no later than December 8, 2014, as confirmed by the testimony of both Gino Altamirano, CBCN's current tribal chair and former legal liaison and an enrolled CBCN member since 2001, and Michael Cordero, who was CBCN's tribal chair in December of 2014 . . . .

(*Id.* at 18).

Further, the bankruptcy court noted that "[a]ccording to the California Secretary of State's records, 315 North Soledad Street, Santa Barbara, California 93103 was the corporate address for CBCN when the certificate of service was executed" and that the California Secretary of State's documents indicated that "Toni Cordero was the CBCN's registered agent, and her mailing address was 4764 Ashdale Street, Santa Barbara, California 93110, when the certificate of service was executed." (*Id.* at 16–17).

On April 13, 2016, appellant filed a notice of appeal.[1]  (ECF No. 1).  CBCN appeals the bankruptcy court's decision restricting the scope of discovery for appellant's rule 60 motion to service of process, questioning *inter alia* the ruling that appellee's service of process satisfied due process and contending that appellee committed fraud on the court. (ECF No. 10 at 7).

---

[1] Appellant filed its notice of appeal with the clerk of bankruptcy court on April 11, 2016. (ECF No. 1-1).

**James C. Mahan**
**U.S. District Judge**

- 2 -

## II. Legal Standard

A bankruptcy court's factual findings are reviewed for clear error and its interpretation of bankruptcy law is reviewed de novo. *See Blausey v. U.S. Tr.*, 552 F.3d 1124, 1132 (9th Cir. 2009).

Next, a trial court's decision regarding sufficiency of service of process is reviewed for abuse of discretion, *see Rio Properties, Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1014 (9th Cir. 2002), as is "denial of a motion under Rule 60(b)." *In re M/V Peacock on Complaint of Edwards*, 809 F.2d 1403, 1404 (9th Cir. 1987).

"A bankruptcy court abuses its discretion if it applies the wrong legal standard or its factual findings are illogical, implausible or without support in the record." *In re Tevis*, No. BAP EC-13-1211, 2014 WL 345207, at *3 (B.A.P. 9th Cir. Jan. 30, 2014) (citing *TrafficSchool.com v. Edriver Inc.*, 653 F.3d 820, 832 (9th Cir. 2011)), *aff'd*, No. 14-60009, 2016 WL 4474817 (9th Cir. Aug. 25, 2016).

## III. Discussion

As an initial matter, this is an appeal from an adversary proceeding, not the related bankruptcy case. *See* (ECF No. 1, 10). As the bankruptcy court granted a motion for summary judgment and then denied appellant's motion for relief under rule 60, the adversary proceeding has concluded and is subject to the present review. *See Farraj v. Cunningham*, 659 F. App'x 925, 928 (9th Cir. 2016) (citing *United States v. Aguilar*, 782 F.3d 1101, 1106 (9th Cir. 2015)).

This distinction between the adversary action and the related bankruptcy case is critical in light of the bankruptcy court's later decision to set aside the confirmation plan under rules 60(b)(3)–(4). *See* (ECF No. 13-18) (setting aside approval of debtor's disclosure statement and final order confirming the debtor's third amended plan of reorganization for insider approval and failure to serve notice on the appropriate addresses, which were different than those in the adversary action). At that time, the bankruptcy court noted that "[t]he only happy portion of this result is unwinding confirmation does not, at this point in time, result in a complex web that needs to be unwound. There was an adversary proceeding . . . that resolved the question regarding title to the property." (ECF No. 13-18 at 44).

Relatedly, appellant asserts "[a]fter the denial to set aside the judgment . . . on or about June 23, 2016, the plan of reorganization was set aside due to the fraud on the court. The bankruptcy was then dismissed on August 25, 2016 because the Debtor never obtained approval by the court to retain counsel." (ECF No. 10 at 12) (emphasis removed) (citation omitted).

This sample exemplifies the depth of appellant's analysis regarding the applicability of any potential later showing of fraud on the court in the bankruptcy case to the earlier resolution of the adversary proceeding. *See* (ECF No. 10). Indeed, appellant glosses over exactly how or why relief was provided in the related bankruptcy case, which is damaging in light of that proceeding's distinguishability from the present action. *See* (ECF Nos. 10, 13-18).

Thus, appellant appears in this court requesting relief from the bankruptcy court's decision in the adversary case—alleging fraud on the court—yet hardly provides helpful explanation, relevant detail, or description of a nexus between any later decision of the bankruptcy court in the related bankruptcy case and the decision currently on appeal. *See* (*id.*).

The court must be vigilant that its mechanisms are not used to unfairly deprive others of rights.[2] However, "[i]t is not the Court's role to make arguments for any party." *Ortiz v. Georgia Pac.*, 973 F. Supp. 2d 1162, 1185 (E.D. Cal. 2013); *see also Gross v. Town of Cicero, Ill.*, 619 F.3d 697, 704 (7th Cir. 2010) ("[I]t is not this court's responsibility to research and construct the parties' arguments . . . ." (alteration in original) (internal quotation marks and citation omitted)).

In addition, the court is not obligated to consider arguments or issues that are not presented in appellant's opening brief. *See Brown v. Rawson–Neal Psychiatric Hosp.*, 840 F.3d 1146, 1148 (9th Cir. 2016) (citing *McKay v. Ingleson*, 558 F.3d 888, 891 n.5 (9th Cir. 2009)).

. . .

---

[2] When setting aside the confirmation plan, the bankruptcy court relevantly noted as follows:

> The real issue here is the fact that at the time of confirmation, *as opposed to the litigation in the adversary proceeding*, the addresses that I've identified here would not have been sufficient. The addresses that were used in the adversary proceeding would not have been sufficient to afford notice to the CBCN regarding plan confirmation.

(ECF No. 13-18 at 27) (emphasis added).

*a. Rule 60(b)(1)*

Federal Rule of Civil Procedure 60(b)(1) permits a court to provide relief from a judgment based upon "mistake, inadvertence, surprise, or excusable neglect."

The bankruptcy court found that there was proof of service of both the summons and the complaint. (ECF No. 11-1 at 21–22). Therefore, that court reasoned, both mistake and surprise were absent in light of the span of time that elapsed between service and appellant's entry into the action as well as evidence showing that appellant was aware of the action on December 8, 2014. *See* (*id.*). Additionally, that court stated that its grant of summary judgment was not "accidental[]." (ECF No. 11-1 at 22).

Next, the bankruptcy court properly conducted the four-part analysis in *Pioneer Investment Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 394 (1993), to consider excusable neglect. *See* (ECF No. 11-1 at 22–24). In *Pioneer*, the Supreme Court articulated the applicable test for relief under rule 60(b)(1): "(1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith." *Bateman v. U.S. Postal Serv.*, 231 F.3d 1220, 1223–24 (9th Cir. 2000) (citing *Pioneer*, 507 U.S. at 395).

Notably, the bankruptcy court held that the danger of prejudice to appellee was significant in light of the three distinct defaults entered, the five-month summary judgment proceeding, the quieted title that "enabled the plaintiff to move forward with business plans related to the property," and because "the unappealed summary judgment order at issue . . . was entered nearly 11 months [prior to that hearing]." (ECF No. 11-1 at 22–23). As such, the bankruptcy court—despite appellant's argument—did consider prejudice against the appellee when it made its decision. *See* (ECF Nos. 10, 11-1).

Finally, appellant posits "[t]here is no evidence that CBCN was ever served with a summons. They heard about it from a third party." This conclusory statement does not engage with the bankruptcy court's consideration of the evidence as to this question. *See* (ECF No. 11-1 at 18–19) (discussing both service of process and the testimony of two CBCN tribal chairs).

**James C. Mahan**
**U.S. District Judge**

- 5 -

Accordingly, this court holds that the bankruptcy court did not abuse its discretion when rejecting appellant's rule 60(b)(1) argument.

*b. Rule 60(b)(3)*

"To prevail under [rule 60(b)(3)], the moving party must establish that a judgment was obtained by fraud, misrepresentation, or misconduct, and that the conduct complained of prevented the moving party from fully and fairly presenting the case." *In re M/V Peacock*, 809 F.2d at 1404–05.

"[N]ot all fraud is fraud on the court." *United States v. Estate of Stonehill*, 660 F.3d 415, 444 (9th Cir. 2011) (quoting *In re Levander*, 180 F.3d 1114, 1119 (9th Cir. 1999)).

> "Fraud on the court" should . . . embrace only that species of fraud which does or attempts to, defile the court itself, or is a fraud perpetrated by officers of the court so that the judicial machinery can not perform in the usual manner its impartial task of adjudging cases that are presented for adjudication.

*Stonehill*, 660 F.3d at 444 (quoting *In re Intermagnetics America, Inc.*, 926 F.2d 912, 916 (9th Cir. 1991)).

Indeed, appellant must demonstrate "more than perjury or nondisclosure of evidence, unless that perjury or nondisclosure was so fundamental that it undermined the workings of the adversary process itself." *Id.* at 445. A judgment is vacated for fraud on the court only upon a showing of clear and convincing evidence. *Id.*

*1. Protective order*

Here, appellant argues that the bankruptcy "court erred in limiting discovery that prevented the plaintiff from proving fraud on the court under Fed. R. Civ. P. 60(b)(3) & (6)." (ECF No. 10 at 17). Essentially, appellant argues that it was not able to succeed in its motion because it was not allowed to conduct discovery to find evidence reinforcing its argument. (ECF No. 10 at 17–18).

In support, appellant quotes the bankruptcy court, which stated as follows:

> The preponderance of the evidence her[e] establishes that CBCN was afforded a full and fair opportunity to develop and present evidence that the[ir] default and the Court's subsequent order granting plaintiff's motion for summary judgment were procured by fraud on the part of the plaintiff. On the record here, the Court finds that CBCN failed to carry its burden of proof. The default and the summary judgment were properly entered by the clerk and by the court.

James C. Mahan
U.S. District Judge

- 6 -

(ECF No. 10 at 18) (quoting (ECF No. 11-1 at 25)).

However, that court continued where appellant stopped: "Both the default and the summary judgment were the result of CBCN's considered decision not to participate in this adversary proceeding and were not due to fraud, misrepresentation, or misconduct by plaintiff." (ECF No. 11-1 at 25) (concluding "CBCN was . . . aware of this adversary proceeding no later than December 8, 2014").[3]

The evidentiary foundation as well as the logical precursor for the bankruptcy court's decision to limit evidence—appellant's dilatory entrance into this action—lie practically unassailed on appeal. *See* (ECF No. 10). Accordingly, this court finds that the bankruptcy court did not abuse its discretion when making the determination to limit the scope of discovery for the rule 60 issue. Appellant may not scapegoat the bankruptcy court for the product of its failure to enter the action in a timely manner.

2. *Fraud on the court*

The court now considers the rest of the appellant's discussion of relief under rule 60(b)(3). Subsequent to appellant's consideration of the discovery question, CBCN discusses the standard for rule 60(b)(3) extensively in its opening brief. *See* (ECF No. 10). However, appellant does not apply this survey of law to the facts of the underlying case or the record on appeal. (*Id.*).

As a result, appellant has not shown that the bankruptcy court otherwise abused its discretion by denying relief under rule 60(b)(3). *Casey v. Albertson's Inc*, 362 F.3d 1254, 1260 (9th Cir. 2004) ("[Rule] 60(b)(3) require[s] that fraud . . . not be discoverable by due diligence before or during the proceedings." (alteration in original)).

c. *Rule 60(b)(6)*

Federal Rule of Civil Procedure 60(b)(6) permits a court to "relieve a party or its legal representative" for "any other reason that justifies relief." However, relief under this rule "should only be applied in 'extraordinary circumstances.'" *Liljeberg v. Health Servs. Acquisition Corp.*,

---

[3] At the November 24, 2015, hearing appellant made similar arguments about requiring discovery related to the circumstances of the land transfer at issue, stating that the court had not seen relevant evidence. *See* (ECF No. 11-4). The bankruptcy court interjected: "Largely because there was no opposition at the time that I entered an order granting summary judgment . . . ." (ECF No. 11-4 at 60).

**James C. Mahan**
**U.S. District Judge**

- 7 -

486 U.S. 847, 864 (1988) (quoting *Ackermann v. United States*, 340 U.S. 193, 202 (1950)). "This very strict interpretation of Rule 60(b) is essential if the finality of judgments is to be preserved." *Id. at* 873.

As appellant correctly submits, a rule 60(b)(6) motion must present separate grounds than those offered in support of other forms of rule 60(b) relief. *See Liljeberg*, 486 U.S. at 863; s*ee also* (ECF No. 10). Yet appellant clearly indicates that its offered basis for rule 60(b)(6) relief is the same as that for its rule 60(b)(3) relief. (ECF No. 10 at 22) ("The same argument applies to the issues under Fed. R. Civ. P. 60(b)(6)."). Therefore, this argument fails.

  d. Laches

Appellant argues that the bankruptcy court abused its discretion when applying laches. (ECF No. 10). Upon review of the bankruptcy court's decision to deny CBCN's motion to set aside presented on appeal, this court finds no indication that the bankruptcy court specifically relied upon the doctrine of laches when rendering its decision. *See* (ECF No. 11-1).

Assuming *arguendo* that this is not an impermissible new argument on appeal, *see Dream Palace v. Cty. of Maricopa*, 384 F.3d 990, 1005 (9th Cir. 2004), this court cannot conclude that appellant was diligent in its efforts to join the case or that the bankruptcy judge did not find that appellee was prejudiced by appellant's tardy appearance in this action. *See In re Beaty*, 306 F.3d 914, 926 (9th Cir. 2002); *see also* (ECF No. 11-1).

Further, appellant states "[t]he Ninth Circuit has expressly held that being forced to litigate on the merits cannot be considered prejudicial," yet provides no citation to a Ninth Circuit case. Upon review of this assertion of law, it is clear why: this standard applies to a default judgment, which is not at issue here. *TCI Grp. Life Ins. Plan v. Knoebber*, 244 F.3d 691, 701 (9th Cir. 2001), *overruled on other grounds by Egelhoff v. Egelhoff ex rel. Breiner*, 532 U.S. 141 (2001).

The bankruptcy court endeavored to ensure that the parties understood and the record would be clear that there was no default judgment. (ECF No. 11-1 at 17–18) ("[T]he Court did not enter a default judgment against the CBCN. Instead, plaintiff filed a motion for summary judgment to quiet title and for declaratory relief on December 2, 2014."). Accordingly, appellant's argument regarding laches is unpersuasive.

### IV. Conclusion

In sum, appellant has failed to show that the bankruptcy court abused its discretion when limiting the scope of discovery or denying the rule 60(b) motion.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the challenged rulings of the bankruptcy court be, and the same hereby are, AFFIRMED.

DATED March 22, 2017.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**